William BOKEMEYER, Appellant,

v.

The STATE of Texas, Appellee.

No. 68599.

Court of Criminal Appeals of Texas, Panel No. 2.

Dec. 2, 1981.

Joel Howard, Lane Arthur, Daniel H. Benson, Lubbock, for appellant.

Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., State's Atty., Austin, for the State.

Before ONION, P. J., and W. C. DAVIS and TEAGUE, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order in a habeas corpus proceeding entered in the 237th District Court of Lubbock County denying relief.

On December 4, 1980, an indictment for aggravated robbery was presented in the 140th District Court of Lubbock County in Cause No. 22,089. On March 13, 1981, a request for temporary custody under Article 51.14, V.A.C.C.P. (Interstate Agreement on Detainers Act), was forwarded to the State of Minnesota where the appellant was in custody. Judge Robert C. Wright of the 137th District Court of Lubbock County approved the request for temporary custody.

In mid-March appellant, while in the Minnesota State Penitentiary, received notice of intent to transfer him to Texas as a result of the request for temporary custody based on the untried indictment in Cause No. 22,089.

On April 8, 1981, while the request for temporary custody was still pending, appellant was indicted a second time for aggravated robbery in Cause No. 22,464 in the 237th District Court of Lubbock County.

On May 12, 1981, the Minnesota authorities released appellant to Texas officials and he was returned and incarcerated in the Lubbock County jail.

Thereafter, appellant filed the instant application for writ of habeas corpus alleging that he was in custody by virtue of proceedings conducted under said Article 51.14, V.A.C.C.P., and that such statute had been violated in securing his custody from the Minnesota authorities, and in attempting to put him to trial on the second indictment in Cause No. 22,464 in the 237th District Court when that indictment had not been used as the basis for his return and temporary custody in Texas.

Appellant initially argues that the aggravated robbery indictment in Cause No. 22,089 was pending in the 140th District Court yet the approval of the request for his temporary custody was signed by the Honorable Robert C. Wright of the 137th

District Court contrary to the provisions of Article 51.14, Article IV, supra.

Article IV(a) of Article 51.14, supra, reads in part:

"(a) The appropriate officer of the jurisdiction in which an untried indictment, information or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party state made available in accordance with Paragraph (a) of Article V hereof upon presentation of a written request for temporary custody or availability to the appropriate authorities of the state in which the prisoner is incarcerated; *provided that the court having jurisdiction of such indictment, information, or complaint shall have duly approved, recorded and transmitted the request*; .... " (Emphasis supplied.)

Appellant argues that Judge Wright had no authority to approve the request for temporary custody as the indictment was not pending in his court, but in the 140th District Court and therefore his custody is illegal.

Article V, § 11 of the Texas Constitution states in part:

"And the District Judges may exchange districts, or hold courts for each other when they deem it expedient, and shall do so when required by law .... "

See Article 1916, V.A.C.S., which restates the same rule. See and cf. Article 199a, § 2.002, V.A.C.S.

In addition at the habeas hearing it was shown that on October 9, 1980 the five district judges entered an order under Article V, § 11 of the Texas Constitution, and Article 1916, V.A.C.S., authorizing each of the judges to sit for each other from time to time in the disposition of criminal cases and matters.

The judges of the district courts of Lubbock County thus have the jurisdiction to sit in any district court of that county for the purpose of hearing and determining any part of any case, matter, or proceeding in any of said courts. *Alvarez v. State*, 605 S.W.2d 615 (Tex.Cr.App.1980); *Peach v. State*, 498 S.W.2d 192 (Tex.Cr.App.1973); *Gregory v. State*, 495 S.W.2d 891, 892 (Tex. Cr.App.1973); *Pendleton v. State*, 434 S.W.2d 694 (Tex.Cr.App.1968).

While it would have been better practice for Judge Wright to have approved the request for temporary custody as "Judge Presiding, 140th District Court" rather than as "Judge, 137th District Court," as he did, Judge Wright nevertheless had the authority to approve the said request acting as judge of the 140th District Court. Appellant's first contention is overruled.

■ Next, appellant contends that he cannot be held in custody for trial on the second aggravated robbery indictment in the 237th District Court (Cause No. 22,464) because it is not "any other charge or charges arising out of the same transaction" as the offense which formed the basis for his return and temporary custody. He relies upon Article 51.14, Article V(d), V.A. C.C.P., which provides in part:

"(d) The temporary custody referred to in this agreement shall be only for the purpose of permitting prosecution on the charge or charges contained in one or more untried indictments, informations, or complaints which form the basis of the detainer or detainers or for prosecution on any other charge or charges arising out of the same transaction.... "

The record here shows that the second indictment (Cause No. 22,464) is a re-indictment of the same aggravated robbery offense charged in the first indictment (Cause No. 22,089), which is still pending.

Appellant notes that the prosecutor indicated at the habeas hearing that the first indictment was to be dismissed possibly due to the fact that it might be defective. Appellant argues that he is to be subject to prosecution on the second indictment which was not the basis for his temporary custody in Texas.

He acknowledges that he could be indicted and tried for "any other charge or charges arising out of the same transaction" as the offense which formed the basis for his temporary custody, but insists that he cannot be tried on a re-indictment of the same offense which was the basis for his temporary custody.

We refuse to interpret Article 51.14, Article V(d), as prohibiting a re-indictment for the same offense made the basis for the request for temporary custody whether the re-indictment occurs during pendency of the procedure for temporary custody, as in the case at bar, or occurs after the defendant has been returned to the state where the first untried indictment was pending. It would be the height of absurdity to say that under such circumstances the defendant would have to be returned to the sending state and the procedure for temporary custody renewed successfully before prosecution could be had in the second indictment.

Further, since the record before this court shows the first indictment is still pending, there is no question as to legality of appellant's custody on the ground now urged.

The relief prayed for is denied.