

Carlton McLarty, Lubbock, for appellant.

Jim Bob Darnell, Dist. Atty., and Hollis M. Browning, Asst. Dist. Atty., Lubbock, for the State.

Before HUGHES, BURDOCK and HILL, JJ.

### OPINION

HILL, Justice.

The appellant, Roy Hollomon, appeals from his conviction by a jury of the offense of theft. The jury assessed his punishment at six years in the Texas Department of Corrections. Hollomon urges that the trial court erred in not dismissing the indictment due to violations of the Interstate Agreement on Detainers Act, the Texas Speedy Trial Act, and the speedy trial provisions of the Texas and United States Constitutions.

We reverse, because we agree that Hollomon was not brought to trial within the

time period required by the Interstate Agreement on Detainers Act.

In ground of error number one, Hollomon asserts that the trial court erred by refusing to dismiss the case because of violations of the Interstate Agreement on Detainers Act. Specifically, he complains that his trial was held more than 180 days from the date after he caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of his indictment. He was in federal custody in Pennsylvania. It was stipulated that Hollomon complied with all the notice provisions of the Act as of April 2, 1982. The trial commenced on October 19, 1982, more than 180 days from April 2, 1982. The Interstate Agreement on Detainers Act is contained in TEX.CODE CRIM.PROC.ANN. art. 51.14 (Vernon 1979). Article V(c) of the Act provides that the trial court is to enter an order dismissing the indictment with prejudice if the defendant is not brought to trial on the indictment within the 180-day period from the date that he has complied with the notice provisions.

The State contends that they have shown good cause for trying Hollomon more than 180 days from April 2, 1982, urging that it was reasonable for Lubbock County to delay in bringing Hollomon to Texas from the federal penitentiary in Pennsylvania in order to save the expense of later returning him to federal custody, and urging that it was reasonable to continue the case for trial outside the 180-day period because Hollomon did not have an attorney to represent him on September 3, 1982, the day his case was initially set for trial. The State also contends that the number of cases to be tried in Lubbock County made it reasonable to try the case beyond the 180-day limit.

The State is correct in urging that the State should be allowed reasonable and necessary exceptions to the 180-day limit. Article 51.14, III(a) provides that "for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance." Since Hollomon was still in federal custody at the time the case was continued by the trial court, neither Hollomon nor an attorney representing him were present when the continuance was granted. The State may not, therefore, rely on the good cause exception to the 180-day rule. The reason Hollomon had not been returned to Texas for trial was that the State had decided to delay doing so until the 180-day limit had almost expired because by doing so they could save the Lubbock County taxpayers the expense of a return trip to federal custody since he was to be paroled on his federal charge on September 3, 1982. We sustain ground of error number one. In view of our ruling on this ground of error, we need not consider the remaining grounds of error.

The judgment of the trial court is reversed, and it is ordered that the indictment in this cause be dismissed with prejudice.