## Robert Leslie RAVENSCRAFT, Appellant,

v.

## The STATE of Texas, Appellee.

Nos. 3–87–100–CR, 3–87–101–CR.

Court of Appeals of Texas, Austin.

June 8, 1988.

Kirby J. Roberts, Buchanan Dam, for appellant.

Sam Oatman, Dist. Atty., Cheryll Pickering Mabray, Asst. Dist. Atty., Llano, for appellee.

Before POWELL, BRADY and CARROLL, JJ.

PER CURIAM.

In both causes, the district court found appellant guilty of delivery of less than 28 grams of methamphetamine, a controlled substance, and assessed punishment at imprisonment for fifteen years. Tex.Rev.Civ. Stat.Ann. art. 4476–15, § 4.03 (Supp.1988). The sole issue on appeal is whether the district court erred by overruling appellant's motions to dismiss the indictments for failure to comply with the terms of the Interstate Agreement on Detainers (IAD). Tex.Code Cr.P.Ann. art. 51.14 (1979).[1]

The instant indictments were returned on January 2, 1986. Shortly thereafter, Llano County placed a detainer in appellant's file at the Orient Correctional Institution in Orient, Ohio, where he was imprisoned. On March 20, 1986, after being informed of the detainer, appellant requested, pursuant to art. III(a) of the IAD,[2] a final disposition of the indictments. Appellant's written request for final disposition, together with the necessary supporting documents, was

---

1. Appellant also complains that the time limits prescribed by the Speedy Trial Act, Tex.Code Cr.P.Ann. art. 32A.02 (Supp.1988) were violated, but this contention was mooted by the decision in *Meshell v. State*, 739 S.W.2d 246 (Tex.Cr.App. 1987).

2. Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial with 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting offi-

cer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint; provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision of the state parole agency relating to the prisoner.

received by the appropriate authorities in Llano County on April 7, 1986.

Through no fault of his own, appellant was not returned to Llano County until August 30, 1986. He was arraigned on October 2, at which time he entered pleas of not guilty and an attorney was appointed to represent him. On October 6, appellant filed motions to dismiss pursuant to art. V(c) of the IAD.[3] Following a hearing on March 23, 1987, the motions were overruled. On that same day, appellant entered pleas of guilty pursuant to a plea bargain agreement.

Article III(a) of the IAD requires that the accused "shall be brought to trial within 180 days" after his request for final disposition is received. In the causes before us, the 180th day was October 4, two days before appellant filed his motions to dismiss.

The time period for bringing the accused to trial is tolled if he is "unable to stand trial,"[4] but there is no evidence or assertion that this provision of the IAD is applicable in these causes. Also, the trial court may, "for good cause shown in open court, the prisoner or his counsel being present," grant any "necessary or reasonable continuance." Art. III(a), *supra* fn. 2. But again, there is no evidence that any such continuance was granted in these causes before the expiration of the 180-day time limit, and the State does not argue that there was. *Compare Ex parte Saylor*, 734 S.W.2d 55 (Tex.App.1987, no pet.); *Huffines v. State*, 646 S.W.2d 612 (Tex.App. 1983, pet. ref'd). Nevertheless, the State argues that the IAD was complied with because appellant was returned to Llano County within the time limit prescribed by the IAD, the State was at all times ready to try these cases, and the delay in bringing them to trial was judicial, not prosecutorial, in nature. Specifically, the State asserts that appellant was not brought to trial on or before October 4, 1986, because of the district court's crowded docket.

The State's argument is premised on an analogy between the IAD and the defunct Speedy Trial Act. *See* fn. 1, *supra*. The State finds support for this argument in dicta contained in *Ex parte Saylor, supra*, and *Akbar v. State*, 660 S.W.2d 834 (Tex. App.1983, pet. ref'd). This Court finds, however, that the analogy does not survive a careful comparison of the relevant statutory language.

The Speedy Trial Act required that a criminal cause be dismissed if "the state is not ready for trial" within a specified time period. Art. 32A.02, § 1. This focus on readiness for trial led the Court of Criminal Appeals to conclude that so long as the prosecutor announced his readiness for trial within the appropriate time period, it was irrelevant when the defendant was in fact tried. *Meshell v. State, supra* fn. 1 at 255–257; *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979). Article III(a) of the IAD, on the other hand, mandates that the accused "shall be brought to trial" within the specified time period.[5] As the Court of Criminal Appeals noted in its discussion in *Barfield* of the various speedy trial schemes, such language embraces the entire trial process, not just the prosecutor. 586 S.W.2d at 540, 541.

Even if this Court were to accept the State's argument that trial court congestion would have justified the delay of appel-

3. If the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, information, or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III or Article IV hereof, the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.

4. Article VI(a) of the IAD reads:

In determining the duration and expiration dates of the time periods provided in Articles III and IV of this agreement, the running of said time periods shall be tolled whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter.

5. Similar language is found in Art. IV(c) of the IAD, which applies when the return of the accused for prosecution is initiated by the State. In such cases, "trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state."

lant's trial, there is no evidence that such congestion was in fact the sole or even primary cause of the delay. Although the district court stated at the time the motions to dismiss were overruled that the causes had not been set for trial "because of the docket situation," there is no evidence in the record as to what that situation was. Moreover, any difficulty the district court may have had in setting these causes for trial before October 4 was undoubtedly aggravated by the failure to return appellant to Llano County for almost five months after the receipt of his request for final disposition. The only explanation for this delay was offered by an assistant district attorney, who testified that "it was my understanding that [the Ohio authorities] were not going to release him to us until he made his parole up there." [6] She also testified that no continuance was requested "because we were getting him within that time limit." This Court finds no basis in the record to justify or excuse the failure to comply with the 180–day time limit, on the State's theory or any other. *See Hollomon v. State*, 675 S.W.2d 351 (Tex.App. 1984, pet. ref'd).

The district court erred in overruling the motions to dismiss. Accordingly, the judgments of conviction are reversed and the indictments are ordered dismissed with prejudice.

Reversed and Indictments Ordered Dismissed.

---

**6.** There is no evidence that appellant was in fact paroled before his return to Texas. *See State v. Thompson,* 19 Ohio App.3d 261, 483 N.E.2d 1207 (1984). There is also no evidence that Ohio prison authorities actually refused to release appellant to Llano County before late August 1986. *See Tyron v. Mason,* 679 S.W.2d 268 (Mo.1984).