James Stanley ENGLE, Relator,

v.

The Honorable Lynn COKER, Respondent.

No. 09–91–202 CV.

Court of Appeals of Texas, Beaumont.

Dec. 5, 1991.

Terrell L. Pace, Livingston, for appellant.

Terry Brown, Dist. Atty., Livingston, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

James Stanley Engle, Relator, seeks a writ of mandamus directing the Honorable Lynn Coker, Judge of the 9th District Court of Polk County, Texas, Respondent, to dismiss with prejudice two indictments.

Engle was incarcerated in Nevada. The State of Texas filed a detainer on Engle based on the indictment in Cause No. 12,-

212. Engle filed a request for final disposition of the pending Polk County charge; the request was received on November 19, 1990. Engle was taken into custody by officers from Polk County on April 24, 1991. He remains in custody in Polk County.

Engle filed a motion to dismiss the indictment in cause No. 12,212 with prejudice, based on the state's failure to take the case to trial within 180 days of the date his request for disposition was received, as required by the Interstate Agreement on Detainers. TEX.CODE CRIM.PROC.ANN. art. 51.14 (Vernon 1979). He filed an amended motion to dismiss on July 22, 1991. After a hearing held August 1, 1991, the trial court denied the motion and set the case for trial on August 12, 1991. On August 12, 1991, the trial judge signed the written order denying the motion to dismiss. No trial was held. The case was reindicted on August 14, 1991.[1]

On August 16, 1991, the court received Engle's motion for leave to file petition for writ of mandamus. We granted leave to file the petition. Engle seeks a writ compelling Judge Coker to dismiss both indictments with prejudice for failure to bring the case to trial within the time provided in article 51.14.

█ The court of appeals has mandamus jurisdiction in criminal law matters concurrent with the court of criminal appeals. *Dickens v. Court of Appeals for the 2nd Supreme Judicial Dist. of Texas*, 727 S.W.2d 542 (Tex.Crim.App.1987); TEX.GOV'T CODE ANN. § 22.221(b) (Vernon 1988).

█ To obtain relief through a writ of mandamus, relator must establish that 1) the act he seeks to compel is ministerial, rather than discretionary, in nature and 2) no other adequate remedy at law is available. *Smith v. Flack*, 728 S.W.2d 784 (Tex. Crim.App.1987); *Ordunez v. Bean*, 579 S.W.2d 911 (Tex.Crim.App.1979); *State ex rel. Vance v. Routt*, 571 S.W.2d 903 (Tex. Crim.App.1978).

Article 51.14 provides, in pertinent part:

### ARTICLE III

(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment ... on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment ...; provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

. . . .

### ARTICLE V

(a) In response to a request made under Article III ... the appropriate authority in a sending state shall offer to deliver temporary custody of such prisoner ... in order that speedy and efficient prosecution may be had.

. . . .

(c) [I]n the event that an action on the indictment ... on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III ... the appropriate court of the jurisdiction where the indictment ... has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.

█ An act is ministerial if it constitutes a duty clearly fixed and required by

---

**1.** Although the two indictments allege the same offense, our record does not include a dismissal of the original indictment.

law, without the exercise of discretion or judgment. *Curry v. Gray*, 726 S.W.2d 125 (Tex.Crim.App.1987). The state argues that Engle is improperly seeking review of a discretionary act. The state argues the notice of imprisonment and request for disposition contains defects. The state acted on the request for disposition by bringing Engle to Texas and thus waived any notice defect in the notice. Engle contends that, because there was no continuance requested or granted, there remains only the ministerial duty of the court to dismiss the indictments. The case was called just prior to the expiration of 180 days, and was reset. There is no written reset form or a waiver of speedy trial. The state makes no claim that there was a continuance requested by Engle or granted with his consent before 180 days elapsed. It appears that the case was set for trial by the court in the usual order, and that Engle neither requested a reset nor agreed to a reset requested by the state.

*Ex parte Saylor*, 734 S.W.2d 55 (Tex. App.—Houston [1st Dist.] 1987), was an appeal from the denial of habeas corpus relief. Saylor sought dismissal based on violation of article 51.14. The court acknowledged that there was no contention Saylor was ever unable to stand trial, and neither the state nor Saylor moved in open court for a continuance for good cause. Saylor had agreed to a resetting and executed a waiver of speedy trial. The court held the Speedy Trial Act and article 51.14 were construed as aimed at prosecutorial delay, and that a waiver of the former was a waiver of the latter as well. The court ruled that article VI provides for mandatory tolling but is not exclusive. The court also deemed the agreed resetting to be a reasonable and necessary continuance.

*Huffines v. State*, 646 S.W.2d 612 (Tex. App.—Dallas 1983, pet. ref'd) affirmed the conviction where the case was tried 18 days after the applicable time expired, on the rationale that the trial court passed the court setting for trial by agreement of the parties, such agreed continuance being for a period of 52 days.

Another direct appeal, *Ravenscraft v. State*, 753 S.W.2d 741 (Tex.App.—Austin 1988, no pet.), distinguished *Saylor* and *Huffines* on the grounds that there was no claim by the state and no evidence that continuance was granted. The state argued it was ready at all times to try the case, but the crowded docket prevented trial, so that the delay was judicial, not prosecutorial. The court of appeals held that the language of article 51.14 embraced the entire trial process, not just the prosecutor and granted relief.

In *Ordunez v. Bean*, 579 S.W.2d 911 (Tex.Crim.App.1979), the court of criminal appeals held that mandamus was not available to compel a trial court to set aside an indictment for failure to try the accused within the time required by the (now defunct) Texas Speedy Trial Act. *See* TEX. CODE CRIM.PROC.ANN. art. 32A.02 (Vernon 1989). *Ordunez* held that the Speedy Trial Act required an exercise of discretion, in that it provided that "any other reasonable period of delay that is justified by exceptional circumstances" be excluded when computing the time in which the state must be ready for trial. Article 51.14 does not provide for justifiable excuses; it merely authorizes the court to grant a continuance. If a continuance was not granted, there is no discretionary act.

The trial court has the power to grant a continuance, but that is the only discretionary act in the article 51.14. In the absence of a continuance, the court has a mandatory duty to dismiss with prejudice. We hold that Engle has met the requirement that the act sought to be compelled be ministerial rather than discretionary.

■ To be entitled to writ of mandamus, relator must establish that he has no other adequate remedy at law. We must determine whether full relief may be obtained by direct appeal in the event of conviction. The state contends the relator has an adequate remedy at law through direct appeal after trial. Each of the cases cited in support involves the Texas Speedy Trial Act. *Ordunez* held that appeal is available to test the asserted denial of the right to a speedy trial, both on a statutory and a

constitutional basis. *Ordunez*, 579 S.W.2d at 913–14. *See also Pope v. Ferguson*, 445 S.W.2d 950 (Tex.1969), *cert. denied*, 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 405 (1970), where the relator sought dismissal on an indictment due to denial of his constitutional right to a speedy trial. The supreme court reasoned that while mandamus would lie to compel the trial court to grant petitioner a speedy trial, a ruling on a motion to abate, set aside, or dismiss an indictment on speedy trial grounds is an interlocutory ruling properly reviewed on appeal by the court of criminal appeals. The state does not address the fact that article 51.14 is a uniform reciprocal act with other states and thus involves more than the accused's right to a prompt trial.

The Dallas court has distinguished the Interstate Agreements on Detainers Act from the Speedy Trial Act, on the basis that the Speedy Trial Act concerns preparedness for trial, while the Detainers Act contemplates the entire trial process. *Ravenscraft v. State*, 753 S.W.2d 741 (Tex. App.—Austin 1988, no pet.). Article 51.14 provides that the accused *shall be brought to trial* within 180 days after delivery of notice of imprisonment and request for final disposition.

■ A remedy at law may exist, yet be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate. *Smith*, 728 S.W.2d at 792. The court in *Ravenscraft* identified a crucial difference between the Speedy Trial Act and article 51.14: article 51.14 embraces the entire trial process rather than just preparedness for trial. More than the accused's interest in being quickly tried is at stake, as well, because article 51.14 constitutes an agreement between the several states to temporarily surrender custody of those incarcerated for violating the peace and dignity of the sending state. Pursuant to the statute, the State of Texas had 180 days not only to be ready for trial but to actually try the accused. Even if we exclude the period from May 2, when the state announced ready, to June 6, when Engle sought dismissal of the indictment, the 180–day period has never-

theless expired, so a trial would be a useless act. In such an instance direct appeal is not an adequate remedy.

The state contends trial was postponed at Engle's request so that he might seek pretrial review of the motion to dismiss. Engle did not seek a stay order from this court. The state argues that the case could have already been up on appeal but for the delay caused by the filing of the request for writ of mandamus. If Engle is entitled to mandamus, he should not be punished for seeking relief from this court.

■ Engle requests relief from both indictments. The court of criminal appeals has ruled that the state may hold a defendant in temporary custody on a reindictment of the same offense. *Bokemeyer v. State*, 624 S.W.2d 909 (Tex.Crim.App.1981). The purposes of the Interstate Agreement on Detainers Act are such that a receiving state may reindict, but must adhere to the original time period. The new indictment does not start the clock ticking anew, because the temporary custody is based upon the original indictment. Any other interpretation of the rule would nullify the time limitations, because once the receiving state has obtained custody, it would then be able to permanently hold the defendant in temporary custody by simply reindicting him every 180 days.

■ The state next argues that article 51.14, like the Speedy Trial Act, is unconstitutional for the reasons expressed in *Meshell v. State*, 739 S.W.2d 246 (Tex.Crim. App.1987). The only other case cited by the state is the concurring opinion in *Schin v. State*, 744 S.W.2d 370 (Tex.App.—Dallas 1988, writ ref'd). Article 51.14 is an agreement between the several states whereby the State of Texas obtains the accused without resort to extradition. Unlike the arbitrary time restraints imposed on the judiciary by the legislature in the Speedy Trial Act, article 51.14 itself provides the means whereby the judiciary acquires the body of the accused for trial. In this context, the legislative enactment merely dictates the limits of the power that the statute itself gives the court to hold the ac-

cused. We decline to hold that article 51.14 is unconstitutional.

■ Finally, the state argues that Engle was produced by the state before the trial court within the time limits of article 51.14. The state contends that the docket sheet indicates that the state produced relator before the trial court on May 2, 1991, seventeen days before the expiration of the 180–day time limit. The statute requires the accused be *brought to trial* not just produced for trial.

The state then argues that, but for the filing of the petition for mandamus, relator would have been tried within 120 days of the date he was taken into custody. The portion of the statute upon which the state relies is inapposite. Article IV of the Detainer Act applies to situations where the state initiates the action to acquire jurisdiction over a person incarcerated in another state, not situations such as this where the accused initiates the action. In this case, there is a 180–day limit which runs from the date the notice is delivered to the prosecuting attorney, rather than the 120–day limit which runs from the date the accused is taken into custody by the State of Texas.

We conditionally grant the petition for writ of mandamus compelling The Honorable Lynn Coker, Judge of the 9th District Court of Polk County, to dismiss with prejudice the indictments filed in Cause Nos. 12,212 and 12,725. If the indictments are not dismissed with prejudice within thirty days, the writ shall issue.

WRIT CONDITIONALLY GRANTED.