WR-84,038-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/16/2015 5:12:03 PM
Accepted 10/19/2015 3:27:07 PM
ABEL ACOSTA
CLERK

15 OCTOBER 2015

RECEIVED
COURT OF CRIMINAL APPEALS
10/19/2015
ABEL ACOSTA, CLERK

Abel Acosta

Clerk Texas Court of Criminal Appeals

P.O. Box 12308

Austin, Texas. 78711

No. #_____

Ct.App. No. #09-15-00063

Tr.Ct. No. #13-03-02547

Styled: Ex Parte Carol Ann Davis

Dear Mr. Acosta,

In regards to the above entitled and referenced matter, please find enclosed for filing the Petitioner's Motion for A Emergency Stay and Request for A Writ of Mandamus and/or Prohibition.

If, you have any questions regarding this matter, please feel free to contact me.

Thank you for your prompt attention and kind assistance in this matter.

Cordially,

/s/_____

Carol Ann Davis

25311 Sugar Vally Lane

Spring, Texas.  77373

Ph. (281) 350-2943

Encls.

CD/mbsr.

Cc: File.

1

Andrew James
Assistant District Attorney
Montgomery County, Texas
207 W. Phillips, 2nd Floor
Conroe, Texas. 77301
Fax: (936) 760-6940

Suzannne Stovall
Presiding Judge
359TH Judicial District Court
Montgomery County
207 W. Phillips
Conroe, Texas.  77301
Fax: (936) 538-8187

No. #_____

| | | |
|---|---|---|
| EX PARTE | § | BEFORE THE TEXAS |
| | § | |
| | § | COURT OF CRIMINAL APPEALS |
| | § | |
| CAROL ANN DAVIS | § | AT AUSTIN, TEXAS |

PETITIONER'S MOTION FOR A EMERGENCY STAY OF MANDATE
AND REQUEST FOR A
WRIT OF MANDAMUS AND/OR PROHIBITION
PENDING THE FILING AND DISPOSITION OF
DISCRETIONARY REVIEW

MAY IT PLEASE THE COURT:

COMES NOW, Carol Ann Davis herein after referred to as the Petitioner in the above-entitled and styled case, and in propria persona pursuant to Rule 18 of the Texas Rules of Appellate Procedure, files and tenders this, her Motion for A Emergency Stay of Mandate, and accompanying request for the issuance of a Writ of Mandamus and/or Prohibition, and for cause will advance the following in support thereof, to-wit:

I.
STATEMENT OF THE CASE

This is a habeas proceeding from the 359TH Judicial District Court of Montgomery County, Texas, in Cause No. #13-03-02547-CR, Styled: Ex Parte Carol Ann Dais. The trial court denied the Application on January 9, 2015. Appeal was taken to the Ninth Court of Appeals for The State of Texas in Cause No. #09-15-00063, Styled: Ex Parte Carol Ann Davis. The court of appeals affirmed the judgment of the trial court on October 14, 2015. The Petitioner's Petition

3

for Discretionary Review is due to be filed with this Court on or before November 13, 2015. This case has been set for trial on October 19, 2015.

## II.
## ARGUMENT AND AUTHORITY

The significance of Article I, Section 14 of the Texas Constitution that is enforced by the 5th and 14th Amendment to the United States Constitution is, that no person for the same offense shall be twice put in jeopardy for life or liberty, nor shall a person be again put upon trial for the same offense, a verdict of not guilty in a court of competent Jurisdiction. A Double Jeopardy Claim is a jurisdictional claim. See., Seller v. State, 961 S.W.2d 351 (Tex.App. 1" Dist. 1997).

The Doctrine of double jeopardy on the basis of collateral estoppels, the allegation does not depend upon slight differences in statutory language or estoppels, the allegation does not depend upon slight differences in statutory language or as to alternate means or manners in committing the allege act. It depends upon the scope of a specific factual finding in a particular case. See., Ex Parte Taylor, 101 S.W.3d 434 (Tex.Cr.App. 2002). By forcing the Petitioner to trial, the afforded protection of the Article I, Section 14, as implicated by the 5th and 14th Amendments to the United States is forever lost. To force the Petitioner to trial simply undermines the afforded protection thereof and as guaranteed by the Constitution. Further, it is the legal scheme in the State of Texas, that the filing of a notice of appeal to a court of appeals invests that court with jurisdiction. See., Ex Parte Johnson, 12 S..W.3d 472 (Tex.Cr.App. 2000). Cf., Cook v. State, 902 S.W.2d 471 (Tex.Cr.App. 1995). Accordingly, the Respondent does not have jurisdiction over the parties and subject matter or the authority to set the case for trial until the issuance of mandate by this Court and to be afforded the protection as guaranteed by the 5TH and 14TH Amendment of the United States Constitution and Article I, Section 14 of the Texas

4

Constitution the Petitioner is entitled to the issuance of a Writ of Mandamus and/or Writ of Prohibition until the disposition of the Petition for Discretionary Review and issuance of mandate in this case.

True enough, this Court has concurrent mandamus jurisdiction with the court of appeals in criminal law matters. See., Engle v. Coker, 820 S.W.2d 247 (Tex.App.-9TH Dist. 1991).

This Court may issue a writ of mandamus in a criminal proceeding if the relator establishes that he has no adequate remedy at law to redress the harm visited upon him and if what he seeks to compel is a ministerial act. See State ex rel. Young v.Sixth Judicial Dist. Court 0fAppeals at Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). ). To establish his right to either mandamus or prohibition relief, the relator must "show that he has no adequate remedy at law to redress the harm that he alleges will ensue if the act he wishes to prohibit is carried out." Simon v. Levario, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009) (orig. proceeding) (footnote omitted). He must "show that the act he seeks to compel or prohibit does not involve a discretionary or judicial decision." Id. A matter is discretionary with the trial court unless the facts and circumstances dictate a single rational decision under unequivocal, well-settled, and clearly controlling legal principles. Id. It is argued that the trial court should have no discretion to refuse a stay of a criminal prosecution when there is an appeal of the denial of a pretrial writ of habeas corpus that presents a facial challenge to the constitutionality of the prosection.); Ex parte Robinson, 641 S.W.2d 552, 555 (Tex.Crim. App. 1982) (ruling that a double jeopardy claim may be raised and appealed in a pretrial habeas corpus proceeding), or the defendant is prohibited from attending and participating in the proceedings or trial due to medical complication and proscribed treatment by a physician., or is undergoing sever medical complications and pending treatment. For that matter, the trial court should have no discretion to

5

refuse a continuance under such circumstances, and this Court must enjoin the Respondent from proceeding with this case.

III.
PRAYER

WHEREFORE, PREMISES CONSIDERED, and in the interest of justice, the Petitioner Respectfully moves and prays that the requested relief in all be granted.

ACCORDINGLY WRITTEN,

_____

Carol Ann Davis
25311Sugar Valley Lane
Spring, Texas,, 77373

Ph. No. #(281) 3540-2943

Defendannt, In propria persona.

JURAT

I, state that my name is Carol Ann Davis. My date of birth is February 18, 1956. I presently reside at 25311 Sugar Valley Lane, Spring, Texas, 77373, Harris County, Texas, and pursuant to State law, Section 132.001-132.003 of the V.T.C.A. Civil Practice and Remedies Code, declare under the penalty of perjury that the foregoing is all true and correct.

Executed on this the 15th day of July, 2015.

/s/_____
Carol Ann Davis

6

CERTIFICATE OF SERVICE

I, Carol Ann Davis, do hereby certify, that a true and correct copy of the foregoing Instrument was served, Hand Delivered on July 10, 2015, to:

Andrew James
Assistant District Attorney
Montgomery County, Texas
207 W. Phillips, 2nd Floor
Conroe, Texas. 77301

Suzannne Stovall
Presiding Judge
359TH Judicial District Court
Montgomery County
207 W. Phillips
Conroe, Texas.  77301

/s/_____
Carol Ann Davis