The STATE of Texas, Appellant,

v.

Michael James WILLIAMS a.k.a. Dennis Lee Williams, Appellee.

No. 14–95–00195–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 15, 1996.

Jimmy Phillips, Jr., Angleton, for appellant.

David Bosserman, Angleton, for appellee.

Before HUDSON, EDELMAN and ELLIS,* JJ.

## OPINION

HUDSON, Justice.

Appellant was charged in separate indictments with aggravated robbery and burglary of a habitation. The indictments were dismissed by the trial court pursuant to Article IV(e) of the Interstate Agreement on Detainers Act (IADA). TEX.CODE CRIM.PROC.ANN. art. 51.14 (Vernon 1979). The State appeals from the dismissal of its indictments. We affirm the decision of the trial court.

While he was incarcerated in the federal penitentiary in Marianna, Florida, appellant was indicted by a grand jury of this state. Pursuant to a formal request by the State of Texas, the federal government transferred appellant to the Brazoria County Jail. Appellant arrived on September 8, 1994. Four months later, on January 6, 1995, the time for commencing trial expired under the terms of IADA. A month later, on February 8, 1995, the trial court granted appellant's motion to dismiss the indictments pursuant to Article 51.14 of the Code of Criminal Procedure. TEX.CODE CRIM.PROC.ANN. art. 51.14, Article IV(e) (Vernon 1981). In its sole point of error, the State contends Article 51.14 violates the separation of powers clause of the Texas Constitution. TEX. CONST. art. II, § 1.

■ The Interstate Agreement on Detainers Act is a compact among member states, the United States, the territories and possessions of the United States, the District of Columbia, and the Commonwealth of Puerto Rico. *Bell v. State*, 768 S.W.2d 790, 800 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd). The purpose of the agreement is to encourage the speedy disposition of untried criminal accusations against persons already incarcerated in other jurisdictions by temporarily transferring custody of such prisoners to sovereigns possessing untried criminal charges. TEX.CODE CRIM.PROC.ANN. art. 51.14, Article I (Vernon 1981). Another purpose of the compact is to reduce the adverse effects of transfers upon the rehabilitation of prisoners. *United States v. Mauro*, 436 U.S. 340, 351, 98 S.Ct. 1834, 1842, 56 L.Ed.2d 329 (1978). Because the transfer of a prisoner necessarily interrupts and interferes with the rehabilitation programs, disciplinary proceedings, educational classes, payments of restitution, and other supervisory schemes imposed upon him by the sending state, it is imperative that the receiving state expeditiously proceed to trial. By the terms of the compact, when a member requests the transfer of a prisoner from another sovereign, it is obliged to either (1) commence its trial against the prisoner within 120 days of his arrival, or (2) dismiss the charges against him.

■ The separation of powers provision of the Texas Constitution is violated in one of two ways: (1) if one branch of government assumes, or is delegated, a power that is more properly attached to another branch of government, or (2) one branch of government unduly interferes with another branch of government to the extent that it cannot effectively exercise its constitutionally assigned powers. *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 239 (Tex.Crim.App.1990). The State claims the legislature has interfered with the powers of the judiciary because the statute compels a trial court to give precedence to those cases involving "foreign" defendants. The State also argues the statute unduly interferes with the prosecutor's discretion. We find neither of these arguments to be persuasive.

■ The power and authority of the legislature is plenary. It is limited only by the express or implied restrictions found in or

---

* The Honorable George T. Ellis sitting by assignment.

arising from the Constitution. *Jones v. State,* 803 S.W.2d 712, 716 (Tex.Crim.App. 1991). After reviewing the Interstate Agreement on Detainers Act, we perceive no infringement upon Article II, § 1 of the constitution. The statute does not unreasonably interfere with the prosecutor's discretion, and it provides a far more efficient mechanism for procuring the attendance of foreign prisoners than does a petition for writ of habeas corpus *ad prosequendum.* In this case, the State's attorney requested appellant's transfer from the federal penitentiary. If the State was not prepared for trial, it should not have submitted the request. If unexpected circumstances prevented the commencement of trial, the State could have petitioned the trial court for an extension of time under the provisions of Article 51.14. The State made no such request, and it does not contend on appeal that it was entitled to an extension for "good cause."

Neither does the statute unduly infringe upon the ability of the trial court to control its docket. *Engle v. Coker,* 820 S.W.2d 247, 251–52 (Tex.App.—Beaumont 1991, orig. proceeding). Without the interstate compact, Texas would have no certainty that it could ever compel a "foreign" prisoner to stand trial for crimes committed in this state. While IADA may force some courts to give precedence to trials of foreign prisoners, the time limits imposed by the statute are not unreasonable. Without such a statute, the trial of a foreign prisoner might be delayed for decades.

Courts, prosecutors, and criminal defendants all have important interests that are served by IADA. First, an accused's Sixth Amendment right to a speedy trial is not abrogated merely because he is incarcerated by another sovereign. *Smith v. Hooey,* 393 U.S. 374, 381–83, 89 S.Ct. 575, 579, 21 L.Ed.2d 607 (1969). Second, a speedy trial enhances the chances of ascertaining the truth and heightens the deterrent effect of any punishment imposed against the defendant. Third, the statute promotes the prosecutor's ability to bring fugitives to justice. The State's point of error is overruled.

The trial court's order of dismissal is affirmed.