IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
JUNE SESSION, 1998

FILED

August 17, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| BOBBY E. BAKER, JR., | ) | No. 03C01-9710-CR-00439 |
| Appellee | ) | |
| | ) | KNOX COUNTY |
| vs. | ) | |
| | ) | Hon. RAY L. JENKINS, Judge |
| STATE OF TENNESSEE, | ) | |
| | ) | (Post-Conviction) |
| Appellant | ) | |

For the Appellant:

Bobby E. Baker, *Pro Se*
#13835-074
P.O. Box 4000
Manchester, KY 40962

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Sandy C. Patrick
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

Randall E. Nichols
District Attorney General
City-County Building
Knoxville, TN 37902

OPINION FILED: _____

AFFIRMED

David G. Hayes
Judge

**O P I N I O N**

The appellant, Bobby E. Baker, Jr., appeals the Knox County Criminal Court's summary dismissal of his *pro se* petition for post-conviction relief.

After review, we affirm.

On June 8, 1992, the appellant entered guilty pleas in the Knox County Criminal Court to one count of burglary, three counts of aggravated burglary, and one count of aggravated assault. As a result of these convictions, the appellant received an effective ten year sentence in the Tennessee Department of Correction. On May 8, 1997, the appellant filed the instant petition for post-conviction relief. The petition collaterally attacks his convictions upon grounds that the pleas did not constitute an intentional or voluntary relinquishment of a known right. Boykin v. Alabama, 395 U.S. 238, 242; 89 S.Ct. 1709, 1711 (1969); Johnson v. Zerbst, 304 U.S. 458, 464; 58 S.Ct. 1019, 1023 (1938). Specifically, he contends that he was suffering from "memory loss, hallucinations and tremors" as a result of cocaine addiction and, therefore, his guilty pleas were not knowingly entered. The appellant is currently an inmate at the federal correctional facility in Manchester, Kentucky. He challenges the validity of his state convictions which were used to enhance his federal sentences for which he is now incarcerated. On May 16, 1997, the post-conviction court dismissed the appellant's petition, citing the following ground: "A Petition raising the identical grounds was dismissed on April 16, 1997 as time barred. That order was not appealed and became final. This Petition is DISMISSED."[1]

---

[1]Tenn. Code Ann. § 40-30-202(c)(1997) provides that no more than one petition for post-conviction relief may be filed attacking a single judgment, and mandates that the trial court shall summarily dismiss any second or subsequent petition if a prior petition was filed and resolved on the merits by a court of competent jurisdiction. We note that this provision would not apply in the present case because the appellant's previous petition was not resolved on the merits. On the contrary, there was no need to address the merits of the petition because it was time-barred.

The appellant does not contest the fact that the limitation period had expired prior to the filing of his petition.  Rather, he argues that invalid convictions cannot or should not be used to enhance subsequent sentences and the imposition of "time limits" upon such challenges infringes upon a defendant's due process rights.  The Tennessee Supreme Court has previously determined that statutes of limitations are constitutional.  In Burford v. State, 845 S.W.2d 204, 207 (Tenn. 1992), the Court opined that "it is clear that the State has a legitimate interest in preventing the litigation of stale or fraudulent claims" (citing Jimenez v. Weinberger, 417 U.S. 628, 636, 94 S.Ct. 2496, 2501 (1974)).  To facilitate this interest, the Court further stated that "a state may erect reasonable procedural requirements for triggering the right to an adjudication, such as statutes of limitations, and a state may terminate a claim for failure to comply with a reasonable procedural rule without violating due process rights."  Burford, 845 S.W.2d at 207 (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 437, 102 S.Ct. 1148, 1158 (1982)).  Moreover, in Carter v. State, 917 S.W.2d 417, 420 (Tenn. 1997), the Court upheld as constitutional  the new one-year statute of limitations enacted in 1995, finding that the statute adequately protected the rights of those who file petitions for post-conviction relief.  This issue is without merit.

At the time the appellant's convictions became final, June 8, 1992, the statute of limitations applicable to post-conviction proceedings was three years.  Tenn. Code Ann. § 40-30-102 (repealed 1995).  In 1995, the legislature reduced the statutory period for filing post-conviction petitions from three years to one year.  Tenn. Code Ann. § 40-30-202(a) (1995 Supp.).  As a result, the new Post-Conviction Procedure Act governs this petition and all petitions filed after May 10, 1995.  Because the previous three-year statute of limitations had not expired  at the time the new Act went into effect, his right to petition for post-conviction relief survived under the new Act.  See Carter v. State, 952 S.W.2d 417, 420 (Tenn. 1997).   Therefore, the appellant had until May 10, 1996, or one year from the

effective date of the new Act, to file for post-conviction relief. Compiler's Notes, Tenn. Code Ann. § 40-30-201 (1997); see also Daniels v. State, No. 03C01-9606-CC-00244 (Tenn. Crim. App. at Knoxville, Feb. 27, 1997), perm. to appeal denied, (Tenn. Sept. 29, 1997). The appellant filed this petition almost one year after the statute had run. Moreover, the grounds raised in this petition and on appeal do not fall within any of the exceptions to the statute of limitations set out in Tenn. Code Ann. § 40-30-202(b)(1), (2), or (3) (1997). Accordingly, dismissal of the appellant's petition was mandated under the provisions of the 1995 Post-Conviction Procedure Act.[2]

The judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
JOSEPH M. TIPTON, Judge

_____

[2]Tenn. Code Ann. § 40-30-206 (b) (1997) (emphasis added) provides in pertinent part:

If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed in the court of conviction or within the time set forth in the statute of limitations, . . ., the judge shall enter an order dismissing the petition.