**Richard Samuel HUFFINES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00997–CR.**

Court of Appeals of Texas, Dallas.

Feb. 3, 1983.

Rehearing Denied March 7, 1983.

Ross Teter, Dallas, for appellant.

Henry Wade, Dist. Atty., R.K. Weaver, Asst. Dist. Atty., for appellee.

Before GUITTARD, C.J., and CARVER and GUILLOT, JJ.

CARVER, Justice.

Richard Samuel Huffines appeals from his conviction and punishment for possession of a firearm silencer proscribed by Art. 46.06(a)(4), Tex.Penal Code Ann. (Vernon 1973). We find that Huffines was not subjected to double jeopardy; that Huffines' punishment was authorized by law; that Huffines was not entitled to dismissal under Art. 51.14, Tex.Code Crim.Pro.Ann. (Vernon 1975); and that Art. 46.06, Tex.Penal Code Ann. (Vernon 1973) is constitutional as enacted and as applied. We affirm.

■ The record reflects that Huffines' conviction was entered upon a judicial confession of guilt to the indictment after due admonishment by the trial court and the punishment was within the range fixed for the offense by statute. The record also reflects that Huffines had been previously tried on a plea of not guilty, convicted, sentenced, and then was granted a new trial by the trial court. Thereafter, Huffines was tried again, but the jury could not reach a verdict. The record additionally reflects that Huffines was in custody of another jurisdiction when Texas sought the opportunity to try this case and that this case was not tried within 120 days from the date Huffines arrived in Texas after his surrender by the other jurisdiction.

By two points, Huffines urges that his second trial as well as his current trial and conviction subjected him to "double jeopardy" because his new trial on the first trial was granted because of "insufficient evidence." Huffines cites and relies upon the holding in *Burks v. U.S.*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), in which case the record reflected a prior conviction reversed on appeal with the Court finding the evidence of guilt insufficient. *Burks* concluded that, in such circumstances, the State had exercised its right to try Burks, had failed in its proof, and that a second trial would impose unconstitutional "double jeopardy" upon Burks. We cannot accept Huffines' argument or authority as applica-

ble here, because his prior conviction was not appealed and reversed with an opinion issued to show that there was insufficient evidence to support the conviction, nor does the record show that the new trial was granted on that ground. The record reflects only that Huffines was granted a new trial by an order that did not recite the trial court's reason. Huffines concedes that his motion for new trial contained 35 grounds, including insufficiency of the evidence, but Huffines is unable to show, and did not show, which of the 35 grounds were relied upon by the trial court in granting the new trial. We hold that the rule established in *Burks* is not shown to be applicable here and that Huffines' second and third (current) trial did not subject him to double jeopardy.

■ Huffines next complains that his sentence of 35 years in the first trial was unlawful because it was erroneously enhanced; and, had the sentence been appealed, the appellate court would have modified the sentence to two years under current precedent; thus, two years was the maximum sentence permitted on his re-trial and subsequent conviction. It is evident that Huffines' complaint relies, not upon our record, but upon his imagination of what ruling would have been issued by an appellate court had he prosecuted an appeal instead of moving for a new trial. We hold that where a motion for new trial is granted and a subsequent conviction results in a punishment no greater than that imposed in the first trial, no injury is shown to the accused. *See North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Lechuga v. State,* 532 S.W.2d 581 (Tex.Cr.App.1975).

■ Huffines further complains that he was entitled to dismissal of his indictment when he was not tried within the 120 days' time after he was surrendered to Texas from another jurisdiction under the Interstate Agreement on Detainers Act, codified as Art. 51.14, Tex.Code Crim.Pro.Ann. (Vernon 1975). We cannot agree. Huffines' application for a writ of habeas corpus addressed to the trial court asserts that he arrived in Texas from a federal prison on March 12, 1981, and the judgment reflects that his trial was conducted and concluded on July 27, 1981, a lapse of 138 calendar days. However, the record also reflects that on May 29, 1981, the trial court passed a court setting for trial to July 20, 1981 *by agreement.* Huffines specifically relies upon Article IV(c) of the Interstate Agreement on Detainers Act for the 120-day limit between *arrival* and *trial* of the accused; however, the same section excludes continuances in the calculation of his limit. Article IV(c) provides:

(c) In respect of any proceeding made possible by this article, trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, *the court having jurisdiction of the matter may grant any necessary or reasonable continuance.* [Emphasis added].

We hold that where the State and the accused agree to a continuance in the record, and no other explanation therefor is provided by the record, we must deem the continuance "necessary and reasonable" as provided by Article IV(c). The agreed continuance being for a period of 52 days out of the total of 138 days elapsing between Huffines' arrival and trial, we hold that Huffines was not entitled to dismissal for failure of the State to commence trial within the 120-day limit provided by Article IV(c).

■ Lastly, Huffines complains that Art. 46.06, Tex.Penal Code Ann. (Vernon 1973) is unconstitutional as enacted and as applied. Art. 46.06, in material part, provides:

§ 46.06. Prohibited Weapons

(a) A person commits an offense if he intentionally or knowingly possesses, manufactures, transports, repairs, or sells: ...

(4) a firearm silencer; ....

A definition of a firearm silencer is provided in Art. 46.01(4) as follows:

"Firearm silencer" means any device designed, made, or adapted to muffle the report of a firearm.

Huffines argues that there is no fair warning to the citizen of exactly what conduct is

proscribed by the quoted statute because the definition of a firearm silencer is so vague as to be no definition at all. Huffines relies upon the record in his first trial wherein the State's expert conceded that the effect of the device in Huffines' possession was to reduce the noise of a .38 caliber round fired to about the same noise of a .22 caliber round being fired. Huffines reasons that the definition of a firearm silencer does not reasonably inform the ordinary person of whether this degree of silencing is proscribed or not; consequently, the statute is so vague as to deny him "due process." We cannot agree. A plain reading of the statute, including the definition given, reveals no question as to whether the proscription is a matter of degree of the silencing but, to the contrary, proscribes all degrees of silencing. We hold that since, by his chosen example, Huffines concedes that his device muffled a .38 to sound like a .22, Huffines' device was plainly, not vaguely, one "to muffle the report of a firearm." Our holding is consistent with *United States v. Thomas*, 567 F.2d 299 (5th Cir. 1978), wherein the court considered a federal act proscribing the possession of a silencer but not providing a definition thereof. *See* 26 U.S.C. § 5845(a)(7) (Supp. IV 1980). *Thomas* holds that no definition was required, because "silencer" conveyed an ordinary and obvious meaning reasonably understandable to a person of common intelligence and included any device "specifically designed and used to make the firing of a weapon quieter." We find the Texas definition to be synonymous with the *Thomas* definition; both definitions are equally ordinary and obvious and thus reasonably understandable to a person of common intelligence. Huffines could not have been misled or failed to understand the proscribed conduct. Consequently, the statute, and its definition, are not so vague as to deny him "due process."

Affirmed.