Ex parte Robert Lee
SAYLOR, Appellant.

No. 01–86–0755–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 4, 1987.

Emmett Moore, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., and Roe Morris and Danise Craw-ford, Harris Co. Asst. Dist. Attys., Houston, for respondent.

Before JACK SMITH, DUGGAN and COHEN, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from the denial of habeas corpus relief. Appellant sought dismissal with prejudice of two Harris County indictments based on his claim of violation of the Interstate Agreement on Detainers Act ("the IADA"), codified as Tex.Code Crim.P.Ann. art. 51.14 (Vernon 1975).

Appellant was arrested on October 28, 1985, in Phoenix, Maricopa County, Arizona, on a warrant from Orange County, California, and was confined in the Maricopa County Jail. Appellant was indicted in Harris County on November 11 and November 14, 1985, in cause numbers 436,069 and 436,765, respectively. Subsequently, Harris County lodged interstate detainers against appellant with Arizona authorities on the two cause numbers.

On December 18, 1985, appellant was returned to Texas under the detainers and placed in the Harris County jail under $10,-000 bond in each case. On August 20, 1986, some 242 days after his arrival at the Harris County jail, appellant filed his "Application for Writ of Habeas Corpus and Motion to Dismiss," asserting a violation of the IADA for failure to try him within 120 days of his arrival in the receiving state. After a writ hearing on August 25, 1986, the trial court denied appellant's requested relief.

In a single point of error, appellant contends that the trial court erred in not dismissing with prejudice the two indictments against him, since failure to dismiss was in violation of his right under the IADA to be tried within 120 days of his arrival in Texas, the receiving state.

Tex.Code Crim.P.Ann. art. 51.14, Art. IV(c) provides:

In respect of any proceeding made possible by this article, trial shall be commenced within 120 days of the arrival of

the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Appellant introduced the docket sheets related to both indictments. Each docket sheet recited that appellant appeared in open court with counsel on December 23, 1985, and filed his written waiver of speedy trial. The State introduced appellant's written waiver of speedy trial form. The court took judicial notice, without objection, that between December 18, 1985, the date of appellant's arrival in the Harris County jail, and August 20, 1986, the date that he filed his application for writ of habeas corpus, appellant requested and was granted seven agreed resettings. Appellant was at all times represented by retained counsel.

Appellant's position is that he is entitled to dismissal under Art. IV(c) of the IADA, notwithstanding the facts of his speedy trial waiver and the "agreed resets" granted at his own and his successive attorneys' requests. This is so, he urges, because Art. IV(c) requires that trial "shall be commenced within 120 days of the arrival of the prisoner in the receiving state," with only two exceptions that could apply in his situation to toll the 120-day period: (1) that he was "unable to stand trial ...," as set out in Art. VI(a) of the agreement; and (2) that "for good cause shown in open court, the prisoner or his counsel being present," the trial court granted a "necessary or reasonable continuance," as provided in Art. IV(c) of the IADA.

■ Appellant argues, first, that no contention is made by any party that appellant was ever unable to stand trial, and second, that the record gives no indication that either appellant or the State moved in open court for a continuance for good cause.

Art. VI of the IADA provides, in its entirety:

In determining the duration and expiration dates of the time periods provided in Articles III and IV of this agreement, the running of said time periods shall be tolled whenever and for as long as the

prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter.

No provision of this agreement, and no remedy made available by this agreement shall apply to any person who is adjudged to be mentally ill.

As to appellant's contention that no party showed that he was unable to stand trial, Art. VI provides on it face for *mandatory* tolling of Art. III and Art. IV duration and expiration dates in the two listed circumstances; however, neither Art. VI nor any other provision of the IADA declares that its delay provisions are *exclusive and not to be construed in conjunction* with other statutes, such as the Speedy Trial Act, Tex.Code Crim.P.Ann. art. 32A.02 (Vernon Supp.1987).

The State urges that it proved appellant's waiver of speedy trial by his execution and filing of a waiver form on December 23, 1985.

Appellant responds that the State's reliance on the Speedy Trial Act is misplaced and irrelevant to the question presented by his habeas corpus application because the IADA and the Speedy Trial Act were enacted for different purposes. He argues that he is entitled to relief under the IADA, unfettered by concepts applicable to the Speedy Trial Act, including the interpretation that its purpose is to avoid prosecutorial delay only.

Appellant cites the caption of Tex.S.B. 130, 65th Leg. (1975), the Texas legislative enactment of the IADA, as support for his argument that speedy trial was not a purpose of the measure. He argues that speedy trial and prosecutorial delay are nowhere mentioned in the bill's caption, which instead indicates that the Act's purpose was to provide "procedures to facilitate handling and disposition of [foreign state] detainers based on untried indictments...."

Such an interpretation is overly restrictive and unwarranted. Contrary to appellant's assertion, Art. I of the adopted IADA recites that difficulty "in securing speedy trial of persons already incarcerat-

ed in other jurisdictions" is among the problems that have resulted in "the policy of the party states and purpose of this agreement to encourage the expeditious ... disposition of such charges...."

We agree with appellant that the language quoted by the State in *Akbar v. State*, 660 S.W.2d 834 (Tex.App.—Eastland 1983, pet. ref'd), was dicta to that decision in stating that "[t]he Interstate Agreement on Detainer Act as the Speedy Trial Act should be construed as being aimed at prosecutorial delay." Before making the quoted statement, the Eastland Court of Appeals had already found (1) that the ground of error being urged failed to comport with the objection made at trial, and (2) that good cause for a continuance under the IADA had been shown. Nevertheless, we agree with *Akbar's* quoted conclusion. Based on the IADA's policy and purpose to secure speedy trials for persons incarcerated in other jurisdictions, as set forth in the language of its Art. I, we hold that the IADA should be construed, as the Speedy Trial Act is construed, to be a measure enacted to avoid prosecutorial delay, and that appellant waived his right to trial within 120 days under the IADA by executing and filing his waiver of speedy trial.

■ Apart from appellant's speedy trial waiver, his second argument, viz., that the record gives no indication that either he or the State moved in open court for a continuance for any reason, is also resolved against him. In *Huffines v. State*, 646 S.W.2d 612, 613 (Tex.App.—Dallas 1983, pet. ref'd), the trial court passed a trial setting by agreement of the parties to another trial date 52 days later. The Dallas Court of Appeals held that where the State and the accused agree to a continuance in the record, and no other explanation therefor is provided by the record, a reviewing appellate court must deem the continuance "necessary and reasonable" as provided by Art. IV(c), and the time involved excludable under the IADA's 120 day period.

The agreed resettings in the present case undisputedly cover the entirety of the time elapsing from appellant's arrival in Texas until his hearing. With no other explana-

tion provided in the record, we deem the continuances "necessary and reasonable" under Art. IV(c) of the IADA. *Huffines*, 640 S.W.2d at 613.

Appellant's point of error is overruled.

The judgment is affirmed.