In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00212-CR
______________________________


BOB HAROLD LEACH, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 17,102-2002


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Bob Harold Leach pled guilty to the offense of aggravated kidnapping and asked the
trial court to assess punishment. Leach had no negotiated plea agreement with the State. 
The trial court assessed Leach's punishment at imprisonment for life. In a single issue on
appeal, Leach contends the State failed to provide adequate notice of its intent to introduce
evidence of an extraneous crime or bad act, and accordingly, the trial court erred by
admitting evidence of that extraneous offense in violation of Article 37.07 of the Texas
Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 37.07 (Vernon Supp.
2004).
Â Â Â Â Â Â Â Â Â Â The issue presented in this case is the same as that presented in a companion
appeal, Leach v. State, No. 06-03-00211-CR. For the reasons stated in our opinion issued
today in that case, we likewise affirm the trial court's judgment in this case.
Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â July 15, 2004
Date Decided:Â Â Â Â Â Â Â Â Â July 21, 2004

Do Not Publish



record before us would make Stigger's
trial deadline Monday, October 2, 2006. (9) His actual trial date was November 6, 2006.

 A trial court may grant a reasonable or necessary continuance under the IAD. Tex. Code
Crim. Proc. Ann. art. 51.14, Art. III(a). The trial court may extend the date of trial to a point in
time beyond the 180-day deadline, if certain conditions are met: First, good cause must be shown
in open court. Second, the accused and his or her counsel must be present at the hearing when the
continuance is granted. Third, the continuance must be reasonable or necessary. Id. "Where the
State and the accused agree to a continuance in the record, and no other explanation therefor is
provided in the record, we must deem the continuance 'necessary and reasonable' as provided by
Article IV(c) [of Tex. Code Crim. Proc. Ann. art. 51.14]." Huffines v. State, 646 S.W.2d 612, 614
(Tex. App.--Dallas 1983, pet. ref'd); see Petrick v. State, 832 S.W.2d 767, 771-72 (Tex.
App.--Houston [1st Dist.] 1992, pet. ref'd); Bell v. State, 768 S.W.2d 790, 801 (Tex.
App.--Houston [14th Dist.] 1989, pet. ref'd); Schin v. State, 744 S.W.2d 370, 375 (Tex.
App.--Dallas 1988, pet. ref'd) (eight agreed continuances caused appellant to waive claim of error
in denying dismissal pursuant to IAD); Ex parte Saylor, 734 S.W.2d 55, 57 (Tex. App.--Houston
[1st Dist.] 1987, no pet.) ("agreed resettings" constituted "necessary and reasonable" continuances
for purposes of tolling IAD deadline).

 At a pretrial hearing held July 31, 2006, Stigger appeared with his attorney of record. The
appellate record shows the trial court scheduled another pretrial setting for November 2, 2006, and
a final trial setting for the week of November 6, 2006. The record before us shows that Stigger
agreed to these November settings:

[Defense Counsel]: Set him for trial, Your Honor.


THE COURT: Trial?


[Defense Counsel]: Jury.


THE COURT: You want November? Is he in jail?


[Defense Counsel]: Yeah, he's in jail. This is him right here.


THE COURT: He does -


[Defense Counsel]: He's already serving a sentence in New Jersey.


THE COURT: Is he going to be able to get out of jail?


[Defense Counsel]: No.


THE COURT: All right. So, I'll say, you know - I'll try to push it up a little bit if I
could.


[Defense Counsel]: November is fine.


THE COURT: You think November is okay?


[Defense Counsel]: Yeah.


THE COURT: 11/02 or six?


[Defense Counsel]: 11/02.


THE COURT: 11/02 is the pretrial and the 6th is the trial date. 11/02 pretrial, 11/06
trial. Is that fair?


[Defense Counsel]: Yes.


(Emphasis added.) Accordingly, because the appellate record demonstrates Stigger's agreement to
a date that was beyond the deadline imposed by the IAD, and because we are required to presume
these agreed-upon dates were "necessary and reasonable" continuance dates as provided by Articles
III(a) and IV(c) of ArticleÂ 51.14, we find no merit to Stigger's contention that the trial court erred by
overruling his motion to dismiss pursuant to the State's failure to bring him to trial within 180 days
of him providing notice to both the trial court and to the State that he wished to have these Texas
charges resolved. (10) We overrule Stigger's first point of error.








(2) The Trial Court Did Not Err by Denying Stigger's Suppression Motion

 Stigger also contends the trial court erred by overruling his motion to suppress the State's
evidence. (11) Stigger asked the trial court to suppress the cocaine on the basis that its discovery was
the product of an illegal search. 

 Jason Whitten, an officer with the Greenville Police Department, had been watching a
particular, suspected apartment in Greenville, Texas, for signs of narcotic trafficking. Whitten saw
Stigger walk out of the suspected apartment, put something in his left pocket, get into a vehicle, and
drive out of the parking lot. Whitten subsequently stopped Stigger's vehicle for a traffic violation,
had Stigger exit the automobile, and conducted a Terry (12) pat-down search of Stigger for weapons. 
Whitten testified he conducted the Terry pat-down search out of concern for his personal safety
because, based on his experience, he believed weapons are commonly associated with narcotics
trafficking. During this pat-down search, Whitten felt what he believed to be a plastic bag in
Stigger's front pants pocket. Whitten believed this plastic bag had some chunks inside it, which, in
turn, Whitten believed to be rock cocaine (based on the officer's experience). Whitten then asked
Stigger if he could retrieve the bag from inside Stigger's pants pocket. Stigger responded by
shrugging his shoulders. Whitten interpreted Stigger's response as one that amounted to permission
to reach inside Stigger's pocket. Whitten then reached into Stigger's pocket, pulled out two plastic
bags, and found that one bag contained seven chunks of what Whitten suspected to be rock cocaine. 
The trial court held that the officer's search did not violate the Fourth Amendment. 

 "A trial court's decision to admit or exclude evidence is reviewed for abuse of discretion." 
Bessey v. State, 199 S.W.3d 546, 549 (Tex. App.--Texarkana 2006, no pet.) (citing Mitchell v. State,
931 S.W.2d 950, 953 (Tex. Crim. App. 1996)). "If the trial court's ruling is correct under any theory
applicable to the case, we must sustain the trial court's decision to overrule the motion to suppress." 
Id. (citing Gonzalez v. State, 195 S.W.3d 114, 126 n.48 (Tex. Crim. App. 2006)). We must defer
to a trial court's finding of fact, but we review de novo the lower court's application of law to fact. 
Wiede v. State, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007); State v. Dixon, 206 S.W.3d 587, 590
(Tex. Crim. App. 2006). "And where a trial judge does not enter findings of fact, like this case, a
reviewing court must 'view the evidence in the light most favorable to the trial court's ruling and
assume that the trial court made implicit findings of fact that support its ruling as long as those
findings are supported by the record.'" Wiede, 214 S.W.3d at 25 (quoting State v. Ross, 32 S.W.3d
853, 856 (Tex. Crim. App. 2000)).

 A warrantless search of an individual is presumed unreasonable unless an exception to the
Fourth Amendment's warrant requirement applies to the situation. Vactor v. State, 181 S.W.3d 461,
466 (Tex. App.--Texarkana 2005, pet. ref'd) (citing Brimage v. State, 918 S.W.2d 466, 500 (Tex.
Crim. App. 1996) (plurality op.) (op. on reh'g)). One exception to the Fourth Amendment's
prohibition against unreasonable searches and seizures permits the police to conduct a cursory "pat-down search of a suspect's outer clothing, even in the absence of probable cause, if the officer
reasonably believes that the suspect is armed and dangerous to the officer or to others in the area." 
Hitchcock v. State, 118 S.W.3d 844, 848 (Tex. App.--Texarkana 2003, pet. ref'd) (citing Terry, 392
U.S. at 27 & 29; Carmouche v. State, 10 S.W.3d 323, 329 (Tex. Crim. App. 2000)). In such a
situation, the officer "need not be absolutely certain that an individual is armed; the issue is whether
a reasonably prudent person would justifiably believe that he or others were in danger." Balentine
v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002).

 Stigger concedes the officer had probable cause to stop Stigger's vehicle for the observed
traffic violation. Stigger also concedes that the Fourth Amendment did not prohibit Whitten from
conducting a pat-down search for weapons. Thus, we need not address whether the initial traffic stop
was justified or whether sufficient evidence supports the trial court's finding that Whitten reasonably
believed Stigger could be carrying a weapon in light of his recent emergence from a suspected
narcotics trafficking area. Cf. Carmouche, 10 S.W.3d at 329-30 (discussing reasonableness of
officer's search for weapons given context of traffic stop). Instead, the focus of Stigger's appellate
issue is that Whitten's Terry search crossed a constitutional boundary when Whitten reached into
Stigger's pants pocket without unequivocal consent. 

 Under certain circumstances, a law enforcement officer is permitted to seize items he or she
discovers during the course of a valid Terry pat-down search for weapons:

If a police officer lawfully pats down a suspect's outer clothing and feels an object
whose contour or mass makes its identity immediately apparent, there has been no
invasion of the privacy beyond that already authorized by the officer's search for
weapons; if the object is contraband, its warrantless seizure would be justified by the
same practical considerations that inhere in the plain-view context.


Minnesota v. Dickerson, 508 U.S. 366, 375-76 (1993).

 In this case, Whitten testified that, when he patted down the outside of Stigger's pants pocket,
the officer felt what he believed to be a plastic bag containing rock cocaine. Whitten's conclusion
was based on his training and experience in handling rock cocaine on "several" occasions. While
it is equally possible, as Stigger now contends on appeal, that what the officer felt "could just as
easily have been candy, a coinpurse, cigarettes or any other lawful item rather than contraband," such
conjecture is inconsistent with the officer's unequivocal testimony before the trial court. And as the
trial court was in the best position to gauge witness credibility, we may not second-guess the trial
court's finding that the officer's testimony was credible. Ross, 32 S.W.3d at 855; Arthur v. State, 216
S.W.3d 50, 53-54 (Tex. App.--Fort Worth 2007, no pet.). In fact, when (as is the case here) the trial
court does not issue written findings of fact (13) and conclusions of law regarding the suppression
hearing, we are to view the evidence adduced at trial in the light most favorable to the trial court's
verdict. Based on the evidence presented in the trial court, we cannot say the trial court erred by
holding Whitten's act of reaching into Stigger's pants pocket to retrieve the plastic bag containing
rock cocaine was not an illegal search and seizure. Stigger's consent to search further was not
constitutionally required once Officer Whitten felt the object and identified it, based on his training
and experience, as illegal narcotics. We overrule Stigger's challenge to the suppression ruling based
on the Fourth Amendment. And, inasmuch as Stigger's brief on appeal offers no analysis or citation
as to why the Texas Constitution might provide greater protection against Whitten's search in this
case, we overrule Stigger's third point of error for the same reasons.

 We affirm the trial court's judgment.




 Josh R. Morriss, III

 Chief Justice


Date Submitted: July 16, 2007 

Date Decided: July 26, 2007


Do Not Publish

1. The record suggests the appellant has, at different times, also referred to himself as
"Stiggers." After consulting with Stigger, the trial court formally ordered the indictment changed
from "Stiggers" to "Stigger." For purposes of this opinion, we will refer to the appellant by the
name listed in the indictment, "Stigger." 
2. It appears from the record that Stigger had been incarcerated in the New Jersey penal system
while awaiting trial on this case. 
3. The IAD "is a compact entered into by 48 States, the United States, and the District of
Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner
of another State." New York v. Hill, 528 U.S. 110, 111 (2000) (citing, as an example, N. Y. Crim.
Proc. Law §Â 580.20 (McKinney 1995)).
4. An inmate requesting final disposition of his or her charge under the IAD must use the
appropriate form to make the request, and he or she must send the request via registered or certified
mail, return receipt requested, to the appropriate official(s). Tex. Code Crim. Proc. Ann. art.Â 51.14,
Art. III(b); Lindley, 33 S.W.3d at 939; State v. Powell, 971 S.W.2d 577 (Tex. App.--Dallas 1998,
no pet.). The request must be accompanied by


a certificate of the appropriate official having custody of the prisoner, stating the term
of commitment under which the prisoner is being held, the time already served, the
time remaining to be served on the sentence, the amount of good time earned, the
time of parole eligibility of the prisoner, and any decision of the state parole agency
relating to the prisoner.


Tex. Code Crim. Proc. Ann. art. 51.14, Art. III(a).
5. Stigger's evidence of his first request is a handwritten letter (presumably written in
December 2002) from Stigger to the Hunt County Courthouse in Greenville, Texas. This item is not
addressed to the prosecuting authority of Hunt County, nor is there any evidence in the record that
this item was mailed to the Hunt County District Attorney's Office by certified mail, return receipt
requested. These are both statutory requirements under the IAD. See Tex. Code Crim. Proc. Ann.
art.Â 51.14, Art. III(a). The request itself also fails to identify the charges Stigger faced in Hunt
County, Texas; the request was unsigned; and this handwritten request did not verify Stigger had
finally resolved all his pending New Jersey charges. Despite these procedural inadequacies, the
record reflects the Hunt County District Attorney's Office responded to Stigger's request by
informing Stigger it could not honor his request because he had not yet been convicted in New
Jersey. See id. (requiring accused to have begun serving a term of imprisonment in non-Texas
correctional facility). Given that this first inquiry by Stigger failed to clear several procedural
hurdles, we cannot say that this request was adequate to trigger the IAD's 180-day deadline.
6. Stigger's evidence of his second request is a typewritten request to the 196th Judicial District
Court in Hunt County Courthouse in Greenville, Texas. Therein, Stigger asked that a final
disposition be made of all pending charges; the request is addressed to both the trial court and the
Hunt County District Attorney; and the request is dated March 25, 2003. Additional information
included in the request suggests Stigger had already spent nine months in jail, but had not yet been
sentenced to any length of imprisonment--a factual assertion that connotes Stigger had not yet been
formally tried and sentenced in New Jersey. Nevertheless, there is no evidence in the record that this
second request was ever mailed to the Hunt County District Attorney's Office, either by regular mail
or by certified mail, return receipt requested (the latter method being required under the IAD). As
such, we cannot say Stigger's offer of proof before the trial court regarding this second inquiry was
adequate to show that Stigger had satisfied the prerequisites for triggering the IAD's 180-day trial
deadline.
7. Stigger's evidence of his third application is a typewritten document addressed to the Hunt
County Courthouse in Greenville, Texas; this item is dated May 14, 2004. This document includes
a page of information stating Stigger had been sentenced to a twenty-year prison term in New Jersey,
had already served 688 days of that term, had approximately eight more years of service before he
would be eligible for parole, and requested extradition to Texas to face the pending Hunt County
drug charges. The trial court ruled that this document was insufficient to trigger the IAD's six-month
timetable. Indeed, Stigger's May 14 request was incomplete: it did not include "notice of the place
of [Stigger's] imprisonment" and was not "accompanied by a certificate of the appropriate official
having custody of [Stigger], stating the term of commitment under which [Stigger was] being held
. . . ." These are required by the IAD. See Tex. Code Crim. Proc. Ann. art. 51.14, Art. III(a). As
this Â third Â entreaty Â failed Â to Â meet Â the Â minimal Â statutory Â requirements, Â we Â cannot Â say Â Stigger's
May 14, 2004, request was adequate to trigger the IAD's 180-day deadline.
8. Stigger's December 6, 2005, letter, his fourth attempt, is a typewritten document addressed
to both Duncan Thomas (the district attorney for Hunt County) and the 196th Judicial District Court
of Hunt County. The document does not include a statement signed by any New Jersey prison
official that details Stigger's current incarceration status, as required by the IAD. See Tex. Code
Crim. Proc. Ann. art. 51.14, Art. III(a). The portions of the form where Stigger's current
incarceration status and history would be provided, as well as the signature line provided for the
"custodial authority," are all blank. Nor is there any evidence this document was sent by certified
mail, return receipt requested, to the proper recipients. Thus, for a fourth time, it appears Stigger
failed to satisfy the procedural requirements for triggering the 180-day deadline under Article 51.14. 
Nevertheless, this is the letter which the State agrees is the appropriate request from Stigger
triggering the IAD.
9. The record before us shows that, by March 21, 2006, the Hunt County District Attorney's
Office received Stigger's IAD request from the New Jersey Department of Corrections. But there
is no evidence in the record that the trial court also received Stigger's IAD request at that time. 
Instead, April 4, 2006, is the first date anywhere in the appellate record showing that the trial court
had knowledge of Stigger's IAD request. Therefore, based on the record before us, we conclude that
the record establishes that both the State and the trial court had received notice of Stigger's request
by this April 4 date--and this later date triggers the IAD's 180-day trial deadline. Cf. Fex, 507 U.S.
at 51 ("the receiving State's receipt of the request starts the clock") and 52 ("180-day time period in
Article III(a) of the IAD does not commence until the prisoner's request for final disposition of the
charges against him has actually been delivered to the court and prosecuting officer of the
jurisdiction that lodged the detainer against him"); Morganfield v. State, 919 S.W.2d 731, 734 (Tex.
App.--San Antonio 1996, no pet.). Calculating 180 days forward from Tuesday, April 4, 2006,
established a deadline of Sunday, October 1, 2006. Yet, because the deadline otherwise expired on
a Sunday, the deadline was extended to Monday, October 2, 2006. SeeÂ Tex. R. Civ. P. 4. Trial in
this matter did not begin until Monday, November 6, 2006--a date that was more than thirty days
past the general IAD deadline. But this missed deadline is, by itself, not dispositive of Stigger's first
appellate issue, because of his agreement to a later trial date.
10. Additionally, Stigger claims he is entitled to a dismissal because the State did not bring his
case to trial within 120 days of his return to Texas, as required under the IAD. See Tex. Code Crim.
Proc. Ann. art. 51.14, Art. IV(c). Stigger did not raise this issue in the trial court. It has, therefore,
not been preserved for appellate review. Cf. Walker, 201 S.W.3d at 846-50 (failure to raise timely,
specific claim under IAD waives right to complain of any alleged error on appeal). Moreover,
Stigger's claim under this alternative deadline of 120 days is unpersuasive for the same reason that
his argument under the 180-day deadline failed to result in reversal: the record before us shows
Stigger agreed to continue the proceedings beyond the applicable time periods; and agreed
continuances toll the applicable deadline under the IAD. Cf. Petrick, 832 S.W.2d at 771-72; Bell,
768 S.W.2d at 801; Schin, 744 S.W.2d at 375; Saylor, 734 S.W.2d at 57; Huffines, 646 S.W.2d at
614.
11. Stigger's second point of error concerns the propriety of Whitten's search under the Federal
Constitution. Stigger's third point of error concerns whether the State adequately proved, under the
Texas Constitution, that Stigger consented to being searched. Because we conclude Whitten's more
invasive search of Stigger's pants pocket was permitted under the plain feel exception to the Fourth
Amendment's warrant requirement, we need not address whether Stigger provided adequate consent
for purposes of analysis under the Texas Constitution.
12. See Terry v. Ohio, 392 U.S. 1 (1968).
13. If findings of fact had been requested, they should have been made. See State v. Cullen, 195
S.W.3d 696, 699 (Tex. Crim. App. 2006). We find no request for such findings here.