United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 10, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10185
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELBERT ALAN HALE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-65-ALL-A
--------------------

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Elbert Alan Hale pleaded guilty pursuant to a written plea agreement to unlawful possession of a destructive device. In his plea agreement, Hale reserved the right to challenge the district court's denials of his motion to suppress and his motion to dismiss the indictment. He was sentenced to 63 months of imprisonment, three years of supervised release, and a $100 special assessment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hale argues at length on appeal that the district court erred in denying his motion to suppress evidence obtained during a warrantless search of his residence. He contends that the search violated the Fourth Amendment because his landlord did not have authority to consent to police officers' entry into his residence. However, in denying Hale's motion to suppress, the district court assumed that the landlord had not been able to give consent and did not base its ruling on this issue.

Hale also makes a brief, vague argument that the Government did not provide evidence at the suppression hearing supporting its contention that the "community caretaking" and "exigent circumstances" doctrines applied. However, officers' knowledge that Hale's residence contained items that might be explosive devices constituted sufficient exigent circumstances because the devices presented a possible danger to officers guarding the residence and to others in the community. See United States v. Richard, 994 F.2d 244, 247-48 (5th Cir. 1993); cf. United States v. Shannon, 21 F.3d 77, 81-82 (5th Cir. 1994) (arrestee's yelling of location of gun in motel room outside of which he had been arrested constituted exigent circumstances to search the room because any other possible suspects inside the room would be alerted to the location of the gun, thus endangering the lives of officers and other motel guests).

Hale also argues that the district court erred in adjusting his offense level by two points for obstruction of justice. He

asserts that his choice not to self-surrender in spite of his indication in negotiations with police that he would do so once an arrest warrant was issued and his subsequent move to another state did not warrant such an adjustment. He contends that the commentary to U.S.S.G. § 3C1.1 lists "avoiding or fleeing from arrest" as an example of conduct not warranting the adjustment. However, this court has identified two factors distinguishing obstructive and non-obstructive conduct: "(1) whether the conduct 'presents an inherently high risk that justice will be obstructed'; and (2) whether the conduct 'requires a significant amount of planning,' as opposed to being 'the result of a spur of the moment decision' or 'stem[ming] from merely panic, confusion, or mistake.'" United States v. Philips, 210 F.3d 345, 348 (5th Cir. 2000) (quoting United States v. Greer, 158 F.3d 228, 235 (5th Cir. 1998)). Under these factors, Hale's planned flight from police, which resulted in a five-month delay in proceedings against him, obstructed justice.

Hale also argues that the statutes under which he was convicted, 26 U.S.C. §§ 5845, 5861(d), and 5871, are overbroad and impermissibly vague in violation of the Fifth Amendment because they do not define "explosive bomb." However, the statutes are not unconstitutionally vague or overbroad as applied to Hale. See United States v. Daniels, 247 F.3d 598, 600 (5th Cir. 2001); United States v. Thomas, 567 F.2d 299, 300 (5th Cir.

1978) ("words of a statute are to be given their ordinary meaning in the absence of persuasive reasons to the contrary").

AFFIRMED.