United States Court of Appeals
Fifth Circuit

**F I L E D**

November 23, 2005

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10185

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELBERT ALAN HALE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-65-ALL-A

_____

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

This court affirmed the judgment of conviction and sentence of Elbert Alan Hale. United States v. Hale, No. 04-10185 (5th Cir. Jan. 10, 2005). The Supreme Court vacated and remanded for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). See Hale v. United States, 125 S. Ct. 2309 (2005). We requested and received supplemental letter briefs addressing the impact of Booker.

At trial and on direct appeal, Hale objected to the

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposition of a two-level enhancement for obstruction of justice, contending only that the enhancement was improper under the factual circumstances presented to the district court. At no time until his petition for certiorari did Hale object on either of the grounds addressed in Booker, i.e., (i) a Sixth Amendment violation resulting from an enhancement of a sentence based on facts (other than a prior conviction) found by the sentencing judge, which were not admitted by the defendant or found by the jury; or (ii) that the Sentencing Guidelines were unconstitutional because they were mandatory and not advisory. Absent extraordinary circumstances, we will not consider Booker issues raised for the first time in a petition for certiorari. United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005).

However, even if we were to review for plain error, Hale could not satisfy his burden of proving reversible plain error on the basis that his sentence was applied under an unconstitutional mandatory sentencing scheme because there is nothing in the record to suggest that the district court would have sentenced Hale differently under an advisory scheme. See United States v. Mares, 402 F.3d 511, 521 (5th Cir. 2005), cert. denied, 126 S. Ct. 43 (2005). To satisfy his burden, Hale incorrectly points to three things: 1) the fact that the sentencing judge assessed a sentence at the bottom of the guideline imprisonment range; 2) the fact that, absent the Booker error, the guideline imprisonment range would have been below the 63 month sentence imposed; and 3) the

2

fact that the district court explained that although it had "made the right ruling" regarding the enhancement, it would consider Hale's arguments against the imposition of the enhancement to sentence Hale at the bottom of the guidelines.

We find these arguments unavailing. The mere fact that Hale was sentenced at the bottom of the guidelines is probative, but not sufficient, to demonstrate prejudice. See United States v. Rodriguez-Gutierrez, No. 04-30451, slip op. at 8 (5th Cir. Oct. 5, 2005); United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005); United States v. Creech, 408 F.3d 264, 271-72 (5th Cir. 2005). Further, district courts must correctly calculate the applicable Guideline range even in a post-Booker regime. See United States v. Angeles-Mendoza, 407 F.3d 742, 746 (5th Cir. 2005). A single remark indicating the district court's consideration of all the evidence before it is hardly sufficient for Hale to satisfy his burden of identifying evidence in the record suggesting that the district court "would have reached a significantly different result" under an advisory scheme rather than a mandatory one. United States v. Mares, 402 F.3d 511, 521 (5th Cir. 2005), cert. denied, 126 S. Ct. 43 (2005).

Thus, because Hale cannot even show plain error, it is clear that this case does not present extraordinary circumstances warranting our review. We also note that this court has rejected Hale's due process and ex post facto challenges. See United States v. Scroggins, 411 F.3d 572, 575-76(5th Cir. 2005). Because nothing

3

in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case, we adhere to our prior determination and therefore reinstate our judgment AFFIRMING Hale's conviction and sentence.

**AFFIRMED.**