[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 04, 2009
THOMAS K. KAHN
CLERK

No. 08-15640
Non-Argument Calendar

_____

D. C. Docket No. 08-00988-CV-T-26-TGW

WILLIAM AKINS,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 4, 2009)**

Before BIRCH, HULL and PRYOR, Circuit Judges.

PER CURIAM:

William Akins appeals the summary judgment in favor of the Bureau of

Alcohol, Tobacco, Firearms, and Explosives and against his complaint that the Bureau violated his due process rights when it classified the Akins Accelerator, an accessory that increases the rate of fire of a semiautomatic rifle, as a prohibited firearm. Akins argues that the decision of the Bureau to classify the Accelerator as a "machinegun" as defined in the National Firearms Act, 26 U.S.C. § 5845(b), is unreasonable and not entitled to deference; the classification of the Accelerator without a hearing violated his right to procedural due process; and section 5845(b) is unconstitutionally vague. We affirm.

## I. BACKGROUND

The Gun Control Act makes its unlawful for any person, other than law enforcement personnel, to "transfer or possess a machinegun" manufactured after May 19, 1986. 18 U.S.C. § 922(o). The term "machinegun" used in section 922(o) shares the definition of the term in the National Firearms Act. The Firearms Act defines a machinegun as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger." 26 U.S.C. § 5845(b). A machinegun also includes "the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun . . . ."

2

Id. Congress delegated authority to the Bureau to interpret and enforce the Act. 27 C.F.R. § 479.

Akins invented an "apparatus for accelerating the cyclic firing rate of a semi-automatic firearm" and received a patent for the accessory. The Accelerator is a molded stock that cradles a semiautomatic rifle and uses an internal spring and the force of recoil to reposition and refire the rifle. According to Akins, a gunman pulls the trigger, then "maintains tension against the finger stops," and each time the rifle recoils, it is pushed forward by "tension supplied by the spring," which pushes "the trigger . . . into the finger[] and the rifle." The process continues until the rifle empties its ammunition chamber or the shooter releases contact with the finger stops. This process is known commonly as "bump firing," but the Accelerator allegedly enables the shooter to achieve better accuracy than with similar devices.

In March 2002, Akins wrote the Firearms Technology Branch of the Bureau to inquire if it would classify the Accelerator as a machinegun. In the letter, Akins explained that the Accelerator "alter[ed] the stock on some semiautomatic rifles in a manner which allows them to be fired so rapidly that the practical effect is equivalent to a fully-automatic machinegun." After the Firearms Branch tested a prototype of the Accelerator with an SKS-type rifle, it determined that "[t]he

3

weapon did not fire more than one shot by a single function of the trigger" and concluded that "the submitted stock assembly does not constitute a machinegun . . . [nor] a part or parts designed and intended for use in converting a weapon into a machinegun." The letter mentioned that the prototype broke during testing.

Concerned that the classification might not include an Accelerator that functioned properly, Akins asked the Bureau in January 2004 to explain its ruling. The Bureau stated that it classified the Accelerator based on its "theory of operation," which "was clear even though the rifle/stock assembly did not perform as intended." Akins began to produce and sell the Accelerator.

In August 2006, the Bureau noticed a website that Akins used to market the Accelerator. The website advertised the Accelerator as "[e]valuated by" the Bureau and quoted from its letters. An individual who had purchased an Accelerator wrote the Bureau and asked for a "written determination" whether the accessory when "assembled with a standard Ruger 10/22 semiautomatic carbine" would constitute a machinegun. The Bureau also received requests to evaluate other devices designed to increase the rate of fire of a semiautomatic firearm.

The Bureau opened an investigation regarding the Accelerator in September 2006. After the Bureau obtained and tested the accessory, it advised Akins in November 2006 that the Accelerator, when used with a Ruger 10/22 rifle,

4

"demonstrated that a single pull of the trigger initiates an automatic firing cycle that continues until the finger is released, the weapon malfunctions, or the ammunition supply is exhausted." The Bureau classified the Accelerator as a machinegun, notified Akins that its previous letters were "overruled," and instructed him either to register the devices he possessed or to surrender them.

On December 13, 2006, the Bureau issued a new policy statement, ATF Ruling 2006-2. The Bureau stated that "conversion parts that, when installed in a semiautomatic rifle, result in a weapon that shoots more than one shot, without manual reloading, by a single pull of the trigger, are a machinegun as defined in the National Firearms Act and the Gun Control Act." The Bureau described the Accelerator in the statement and stated that the accessory was a machinegun. In January 2007, the Bureau ordered Akins to turn over any recoil springs in his possession.

In early February, Akins asked the Bureau to reconsider its decision. Akins alleged that "[i]f the trigger finger remains in contact with the trigger, only one shot can result until the trigger is released and then pressed again" and he mentioned that several other devices had not been classified as machineguns although they also enabled shooters to fire two or three shots with a single pull of the trigger. Akins argued that the original classification of the Accelerator was

"consistent" with "long-standing agency interpretations" and he asked for an opportunity to "present [his] case orally" to the Bureau. The Bureau affirmed its decision summarily in September 2007.

Akins filed a complaint against the United States in May 2008. He alleged that the decision of the Bureau was arbitrary and capricious and violated his right to due process. Akins requested the court: (1) declare that the Accelerator is not a machinegun; (2) issue an injunction to prohibit the government from treating the Accelerator as a machinegun; (3) declare section 5845 unconstitutionally vague; and (4) issue an injunction to prohibit the government from classifying the Accelerator as a machinegun.

The United States moved for summary judgment, which the district court granted. The district court found that the decision of the Bureau that the Accelerator qualified as machinegun was consistent with the language and legislative history of the National Firearms Act and concluded that the Bureau had the authority to reclassify the Accelerator. The court ruled that the actions of the Bureau did not violate Akins's right to procedural due process and that the definition of machinegun in section 5845 was not unconstitutionally vague.

## II. STANDARD OF REVIEW

We review a summary judgment de novo. Cooper v. Fulton County, Ga.,

458 F.3d 1282, 1285 (11th Cir. 2006). Under the Administrative Procedures Act, we defer to the decision of the Bureau unless it "(1) exceeds the Bureau's statutory authority, (2) violates a constitutional right, or (3) constitutes an 'arbitrary' or 'capricious action,' or 'an abuse of discretion' or an action 'otherwise not in accordance with law.'" Gun South, Inc. v. Brady, 877 F.2d 858, 861 (11th Cir. 1989) (quoting the Administrative Procedure Act, 5 U.S.C.A. § 706(2)(A), (B), and (C) (West 1977)). Based on that deferential standard, we "cannot substitute our judgment for the Bureau's judgment, but rather, we must presume" that the actions of the government agency are "valid[.]" Id. We review de novo the constitutionality of a federal statute. See United States v. Awan, 966 F.2d 1415, 1424 (11th Cir. 1992).

### III. DISCUSSION

Akins challenges the summary judgment on three grounds. First, Akins argues that the classification by the Bureau of the Accelerator as a machinegun is unreasonable. Second, Akins argues that the summary disposition of the classification violated his right to due process. Third, Akins contends that section 5845(b) of the National Firearms Act is unconstitutionally vague. These arguments fail.

The Bureau acted within its discretion when it reclassified the Accelerator as

7

a machinegun. A machinegun is a weapon that fires "automatically more than one shot, without manual reloading, by a single function of the trigger." 26 U.S.C. § 5845(b). The interpretation by the Bureau that the phrase "single function of the trigger" means a "single pull of the trigger" is consonant with the statute and its legislative history. See Staples v. United States, 511 U.S. 600, 602 n.1, 114 S. Ct. 1793, 1795 n.1 (1994); National Firearms Act: Hearings Before the Committee on Ways and Means, 73rd Cong. 40 (1934). After a single application of the trigger by a gunman, the Accelerator uses its internal spring and the force of recoil to fire continuously the rifle cradled inside until the gunman releases the trigger or the ammunition is exhausted. Based on the operation of the Accelerator, the Bureau had authority to "reconsider and rectify" what it considered to be a classification error. See Gun South, 877 F.2d at 862–63. That decision was not arbitrary and capricious. See id. at 866.

The Bureau did not violate Akins's right to due process when it reclassified the Accelerator summarily. Due process requires that the "'a person in jeopardy of serious loss be given notice of the case against him and opportunity to meet it.'" Mathews v. Eldridge, 424 U.S. 319, 348, 96 S. Ct. 893, 909 (1976) (quoting Joint Anti-Fascist Comm. v. McGrath, 341 U.S. 123, 171–72, 71 S. Ct. 624, 649 (1951) (Frankfurter, J., concurring)). As the Mathews Court explained, "[a]ll that is

necessary is that the procedures be tailored, in light of the decision to be made, to 'the capacities and circumstances of those who are to be heard,' to insure that they are given a meaningful opportunity to present their case." Id. at 349, 96 S. Ct. at 909 (citation omitted). Akins received notice that the Bureau had reclassified the Accelerator, and Akins submitted a lengthy request for the agency to reconsider its decision based on his interpretation of the statute. No further process was required.

Section 5845(b) also is not unconstitutionally vague. A statute is constitutionally vague when it fails to give a "person of ordinary intelligence a reasonable opportunity to know what is prohibited." Grayned v. City of Rockford, 408 U.S. 104, 108, 92 S. Ct. 2294, 2298–99 (1972). The plain language of the statute defines a machinegun as any part or device that allows a gunman to pull the trigger once and thereby discharge the firearm repeatedly. See United States v. Thomas, 567 F.2d 299, 300 (5th Cir. 1978) (applying a commonsense meaning to the word "silencer" under former section 5845 in a vagueness challenge). Use of the word "function" instead of "pull" to reference the action taken by a gunman to commence the firing process is not so confusing that a man of common intelligence would have to guess at its meaning.

## IV. CONCLUSION

9

The summary judgment in favor of the United States is **AFFIRMED**.