IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,433-03






EX PARTE DARRYL B. WELLS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2007CR2049 IN THE 379TH DISTRICT COURT


FROM BEXAR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex.Crim.App. 1967). Applicant was convicted of murder and
sentenced to sixty-five years' imprisonment. The conviction and sentence were affirmed on direct
appeal, and Applicant's petition for discretionary review was refused. Wells v. State, 319 S.W.3d 82
(Tex.App.--San Antonio 2010, PD-0508-10 ref'd).

 Applicant has raised several procedurally barred claims in his writ application, and he has
alleged his three successive appointed trial lawyers and his appointed appellate lawyer all provided
ineffective assistance. All trial counsel have responded to the IAC claims in affidavits, and each
explains his respective representation of Applicant and addresses the claims raised with the
exception of Applicant's claim concerning the Interstate Agreement on Detainers Act (IADA). 

 The IADA is a congressionally sanctioned compact between the United States and the states,
including Texas, that have adopted it. State v. Miles, 101 S.W.3d 180, 183 (Tex.App.--Dallas 2003).
The statute's purpose is "to provide for the speedy disposition of charges filed in one jurisdiction
against prisoners who are serving sentences in another jurisdiction." Morganfield v. State, 919
S.W.2d 731, 733 (Tex.App.--San Antonio 1996). In so doing, "uncertainties which obstruct
programs of prisoner treatment and rehabilitation" are avoided. See Tex. Code Crim. Proc. art
51.14, sec. I. The IADA is a federal law subject to federal construction, New York v. Hill, 528 U.S.
110, 111 (2000), and it has been described as a measure enacted to "avoid prosecutorial delay," Ex
parte Saylor, 734 S.W.2d 55, 57 (Tex.App.--Houston [1st Dist.] 1987). Under Article III of the
IADA, the return and trial of the out-of-state prisoner are invoked by the prisoner himself. Tex.
Code Crim. Proc. art 51.14, art. III(a). 

 A prisoner may request final disposition of untried charges by giving written notice to the
warden, who forwards the request, along with a certificate containing information about the
prisoner's current confinement, to the prosecuting officer and the appropriate court of the
prosecuting officer's jurisdiction. See State v. Votta, 299 S.W.3d 130, 134-35 (Tex.Crim.App.2009).
The prisoner must then be brought to trial in the receiving state within 180 days from the date on
which the prosecuting officer and the appropriate court receive this written request for a final
disposition, unless a continuance is granted under the Act. See Tex. Code Crim. Proc. art. 51.14,
art. III(a); Votta, 299 S.W.3d at 134-35. If the prisoner is not brought to trial within 180 days, the
trial court must dismiss the indictment with prejudice. Tex. Code Crim. Proc. art. 51.14, art. III(d);
Votta, 299 S.W.3d at 134-35.

 Applicant alleges trial and appellate counsel failed to urge an IADA claim, and he includes
a letter from Ohio authorities where Applicant was previously confined showing that Applicant
attempted to invoke the IADA through the Ohio Department of Rehabilitation and Correction. The
letter indicates IADA paperwork was mailed to authorities in Texas on October 2, 2006, including
Bexar County and the prosecutor's office, but the trial did not occur until August 2008. Applicant
states in his application and memorandum that the prosecutor's office denies receiving the material
from Ohio, and he also alleges proof he had regarding his IADA request was taken from him when
the prosecution had jail officials remove documents from his jail cell before trial. There is no
information in the writ record regarding the receipt of the IADA paperwork or any action taken on
it or on a motion to dismiss filed by first trial counsel based on the IADA. 

 In regard to this IAC/IADA issue only, Applicant has alleged facts that, if true, might entitle
him to relief. Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114,
115 (Tex.Crim.App. 1999). Applicant's remaining claims lack merit. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex.Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order
trial and appellate counsel to respond to Applicant's claim of ineffective assistance in regard to the
IADA issue. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial and/or appellate counsel was deficient and, if so, whether the
deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: October 31, 2012

Do not publish